UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| ADRIAN MITCHELL<br>    FED. REG. NO. 04705-061 | CIVIL ACTION NO. 11-91 |
| | SECTION P |
| VERSUS | |
| | JUDGE MINALDI |
| JOE YOUNG | MAGISTRATE JUDGE KAY |

### REPORT AND RECOMMENDATION

*Pro se* petitioner Adrian Mitchell filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241 on January 3, 2011.  Doc. 1.  Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP).  He is incarcerated at the Federal Correctional Institution, Oakdale, Louisiana (FCIO), and he complains that he should be excused from the BOP's administrative exhaustion requirement as it relates to his placement in a pre-release residential re-entry center (RCC).  Doc. 1, p. 14.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.  For the following reasons it is recommended that the petition be **DISMISSED WITHOUT PREJUDICE** because petitioner failed to fully exhaust available administrative remedies prior to filing his petition.

*Background*

Petitioner is a BOP inmate who is serving a 36 month sentence imposed by the United States District, Southern District of Ohio.  Doc. 1, p. 1.  He is scheduled for release on June 20,

2012. *Id*. In his petition, Mitchell advances the argument that he should not be required to adhere to the BOP's 3-step administrative procedure for inmates who seek formal review of their complaints. Doc. 1, p. 9-18. Petitioner has not attempted administrative exhaustion at any level. Doc. 1, p. 11.

## *Law and Analysis*

A federal prisoner may challenge the manner in which his sentence is being executed by filing a petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241 in the judicial district where he is incarcerated. More specifically, and *apropos* to the instant petition, a prisoner may utilize the provisions of §2241 to challenge the BOP's refusal to authorize his placement in Residential Re-entry Center (RCC), Community Corrections Center (CCC) or halfway house.[1]

## *Exhaustion of Administrative Remedies*

However, such prisoners must first exhaust administrative remedies prior to presenting their claims in federal court. *See Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir.1994).

The BOP provides a three-step administrative procedure for inmates who seek formal review of their complaints. *See* 28 C.F.R. §§ 542.10-542.19. Prisoners may first "seek informal review of an issue which relates to any aspect of [their] confinement." 28 C.F.R. § 542.10. If unsuccessful, prisoners must thereafter utilize the formal procedures which involve the filing of a BP-9 (to the Warden), BP-10 (to the appropriate BOP Regional Office), and BP-11 (BOP National Inmate Appeals) form. *Id. §§ 542.13*, 542.14, 542.15, 542.18. The BP-11 appeal "is the final administrative appeal." *Id. § 542.15*(a). When this three-step review process is

---

[1] *See Mihailovich v. Berkebile*, No. 3:06-CV-1603, 2007 WL 942091 (N.D. Tex. 2007). In that case, a BOP inmate challenged the BOP's denial of placement in a RCC and the court concluded "... as noted in [*Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235 (5th Cir. 2005)], confinement in a traditional federal prison is 'qualitatively different' from community confinement, and thus justifies utilization of § 2241 for challenging BOP regulations regarding placement in a CCC. 432 F.3d at 243-44. In light of [*Sonnier v. Francis*, 217 Fed. Appx. 410 (5th Cir. 2007)] the other cited cases, the facts of [*Carson v. Johnson*, 112 F.3d 818 (5th Cir.1997)], and petitioner's lack of

complete, the federal inmate's claim can be considered exhausted.

Only when "the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action" are inmates exempted from the requirement that they exhaust administrative remedies prior to proceeding with a *habeas* action in court. *Fuller*, 11 F.3d at 62. Such exceptions to the exhaustion requirement "apply only in 'extraordinary circumstances,' and [petitioner] bears the burden of demonstrating the futility of administrative review." *Id*. Thus, if a BOP inmate demonstrates an applicable exception to the exhaustion requirement, he may obtain a merits ruling on his § 2241 petition despite a lack of exhaustion. *See Id.*

Petitioner implies that exhaustion is futile because "... the very time [he is complaining of being deprived] will have elapsed already by the time [he] accomplish[es] exhaustion." Doc. 1, p. 3.

As shown above, a BOP inmate does not exhaust administrative remedies until such time as he completes the entire three-step process culminating in the rejection of the BP-11 at the national level. Petitioner's grievance is pending at the Regional level. He claims that further exhaustion would be futile because by the time the administrative remedy process has been completed, his release date will have come and gone. However, this, in and of itself, is not such an extraordinary circumstance to warrant waiver of the exhaustion requirement. The Supreme Court has even required inmates who may be entitled to immediate release to exhaust their administrative remedies. Confronted with the argument "that to require exhaustion of state remedies ... would deprive a ... prisoner of the speedy review of his grievance which is so often essential to any effective redress," the Court acknowledged that "exhaustion of ... remedies takes time" but concluded that "there is no reason to assume that ... prison administrators ... will not

---

recourse, the Court finds that petitioner properly invoked jurisdiction under § 2241."

act expeditiously." *Preiser v. Rodriguez*, 411 U.S. 475, 494-95 (1973). In short, petitioner has not shown the extraordinary circumstances necessary to exempt him from the exhaustion requirement.

Further, this is exactly the type of dispute that may best be resolved through the administrative review process. *See Parisi v. Davidson*, 405 U.S. 34, 37 (1972) ("The basic purpose of the exhaustion doctrine is to allow an administrative agency to perform functions within its special competence – to make a factual record, to apply its expertise, and to correct its own errors so as to moot judicial controversies." (quoting *McKart v. United States,* 395 U.S. 185, 193 (1969))).

Petitioner must exhaust his administrative remedies with respect to this issue; his failure to do so should not be excused.[2]

Therefore, **IT IS RECOMMENDED THAT** the Petition for Writ of *Habeas Corpus* be **DENIED** and **DISMISSED WITHOUT PREJUDICE** because petitioner failed to fully exhaust administrative remedies prior to filing suit.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed**

---

[2] Although the Supreme Court has held that the failure to exhaust administrative remedies must be pleaded as an affirmative defense under the Prison Litigation Reform Act ("PLRA") the PLRA does not apply to federal *habeas* proceedings. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Furthermore, nothing in *Jones* prohibits the *sua sponte* dismissal of a § 2241 petition on exhaustion grounds.
  Further, even in cases governed by *Jones* and the PLRA, "... a court can dismiss a case prior to service on defendants for failure to state a claim, predicated on failure to exhaust, if the complaint itself makes clear that the

**legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglas v. United Serv. Auto. Ass'n,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 22nd day of June, 2011.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE

---

prisoner failed to exhaust." *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir.2007). Petitioner's complaint and exhibits make it abundantly clear that he did not complete the BOP administrative remedy procedure prior to filing suit.